Filed 10/30/23  P. v. Lee CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098034 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F01569) |
| v. | |
| THAE LEE, | |
| Defendant and Appellant. | |

A jury found defendant Thae Lee guilty of discharging a firearm at an occupied vehicle (Pen. Code, § 246)[1] and found true that he personally used a firearm (§ 12022.53, subd. (c)) and committed the crime to promote a criminal street gang (§ 186.22, subd. (b)(1)).  The trial court sentenced him to state prison for 25 years to life plus 20 years consecutive for the firearm enhancement.  On appeal, we struck the 20-year term for the

---

[1]  Undesignated statutory references are to the Penal Code.

firearm sentence and affirmed the judgment as modified. (*People v. Lee* (Oct. 9, 2009, C058336) [nonpub. opn.].)

In August 2022, defendant filed a petition for resentencing under section 1172.6.[2] The trial court denied defendant's petition, finding him ineligible for relief as a matter of law because defendant was not convicted of murder, attempted murder, or any other charge eligible for relief under section 1172.6.

Defendant now appeals the trial court's denial of his petition for resentencing. His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436 and asked that we exercise our discretion to review the record for arguable issues on appeal.

This court notified defendant he had 30 days to file a supplemental brief raising any argument he wanted us to consider. Defendant filed two supplemental briefs, arguing: (1) the trial court in his underlying case erroneously took judicial notice of court documents in related cases involving the same gang that prosecutors argued defendant belonged to, and we erroneously relied on this evidence in finding that substantial evidence supported the true finding on the gang enhancement; (2) the trial court in his underlying case erred in admitting the gang expert's testimony; and (3) the evidence was insufficient to support the true finding on the gang enhancement. Defendant further asks that we consider the effect of Assembly Bill No. 333 (2021-2022 Reg. Sess.) on his gang enhancement conviction. We will affirm.

---

[2] Defendant petitioned for resentencing under former section 1170.95. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.)

## I.  DISCUSSION

### A.    *Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1(f).)

Section 188, which defines malice, now provides in part:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Senate Bill No. 1437's changes to section 189 relevant to felony murder are not at issue here.

Senate Bill No. 1437 also created a mechanism for individuals convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to petition to have their murder conviction vacated and to be resentenced in what is now section 1172.6.  Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage beyond those convicted of murder to include individuals convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter."  (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (§ 1172.6, subd. (c).)

3

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows defendant is ineligible for relief as a matter of law].) Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, at p. 972.)

B.      *Analysis*

Defendant offers no evidence or argument that contradicts the trial court's correct finding that defendant is ineligible for relief because he was never convicted of an eligible offense. Section 1172.6 clearly states that relief is limited to those convicted of murder (§ 187), attempted murder (§§ 664/187), or manslaughter (§ 192) under a theory of imputed malice such as felony murder or the natural and probable consequences theory. (§ 1172.6, subd. (a).) Because defendant was convicted of discharging a firearm at an occupied vehicle (§ 246) and related enhancements, he is ineligible for relief as a matter of law.

As to the subject of this appeal, namely the trial court's denial of his section 1172.6 petition, we find no merit in defendant's arguments regarding whether the trial court in his underlying conviction properly admitted evidence, whether the evidence was sufficient to establish the true finding on the gang enhancement, or whether Assembly Bill No. 333's amendments to section 186.22 have any impact on his convictions. An appeal from a denial of a section 1172.6 petition is "not a direct appeal," and the statute

"does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error."  (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

## II.  DISPOSITION

The trial court's order denying the resentencing petition is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5